BROWN-WHEELER CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38699. Promulgated December 17, 1930.

*Neil E. Larkin, Esq.*, for the petitioner.

*Eugene Meacham, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner filed its return for 1923 on March 15, 1924, and the jeopardy assessment challenged by this appeal was made by the respondent on March 3, 1928. The original assessment was for $5,420.15; but petitioner and respondent have agreed, by stipulation, that the asserted deficiency is to be $1,941.41, and that its validity may be determined upon the sole question as to whether or not assessment and collection of such additional tax are barred by the statute of limitations.

Notice of assessment and demand for payment of the tax involved were signed by the collector of internal revenue at San Francisco, Calif., on March 14, 1928, and delivered to the petitioner on March 29, following. The written notice of assessment, required by section 279(b) of the Act of 1926, was mailed to the petitioner by respondent on March 20, 1928. The petitioner contends (1) that these acts of the Commissioner of Internal Revenue were abortive and without legal effect, inasmuch as the facts in this case, as it claims, show that the assessment or collection of this tax would not have been jeopardized by delay, and, because of such facts, the respondent was without jurisdiction to make a jeopardy assessment, and (2) that the assessment was not complete within the meaning of section 279, *supra*, until the mailing of the 60-day letter, which, in this case, was March 20, 1928, and 5 days after the expiration of the statute of limitations. The mailing of the 60-day letter, according to the contention of the petitioner, before the expiration of the statute of limitations, is a condition precedent to the validity of any jeopardy assessment. The pertinent provisions of the Revenue Act of 1926, which control here, are as follows:

SEC. 279. (a) If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency * * * and notice and demand shall be made by the collector for the payment thereof.

(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision (a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment.

It will be noted that section 279, *supra*, makes it mandatory upon the Commissioner immediately to assess the tax, if he believes that

delay would jeopardize its assessment or collection. This, we hold, vests discretionary powers in the Commissioner over which we have no control. To assume jurisdiction over the Commissioner's acts, under this provision, or to question his judgment or good faith in performing them, would be to substitute our judgment and belief for that of the Commissioner, which we can not do. For these reasons, the legal basis for the acts of the Commissioner in making this assessment must be assumed. *California Associated Raisin Co.*, 1 B. T. A. 1251; *C. L. Greene*, 2 B. T. A. 148; *Estate of W. S. Tyler*, 9 B. T. A. 255.

In respect of petitioner's other contention, we think it sufficient to refer to the provisions of subdivisions (a) and (b) of section 279, *supra*, to show that, except as a condition subsequent that must be performed within 60 days, the notice provided for in the latter in no way affects the validity of the assessment made under the former. The office of this notice pertains to collection only, and if mailed to the taxpayer within the 60-day limit, prevents lapsing of the collection which, under section 278 (d) and (e) of the Act, may be made within six years after assessment. *J. H. Reese*, 15 B. T. A. 1261.

*Decision will be entered for the respondent.*