Clarence M. PLITT

v.

George HOFFERBERT, Collector of Internal Revenue formerly in office.

No. 6439.

United States District Court
D. Maryland, Civil Division.

Nov. 10, 1954.

M. William Adelson, Eugene P. Smith and Sheldon H. Braiterman, Baltimore, Md., for plaintiff.

George Cochran Doub, U. S. Atty., James H. Langrall, Asst. U. S. Atty., Baltimore, Md., and Roger M. Stuart, Jr., Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant and intervenor.

THOMSEN, District Judge.

In this action for refund of income taxes allegedly overpaid, the Government seeks to intervene under Rule 24(a), Fed.Rules Civ.Proc., 28 U.S.C.A., which permits intervention as a matter of right "(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action".

On March 10, 1953, plaintiff taxpayer filed this action against George Hofferbert, Collector of Internal Revenue formerly in office, demanding judgment against him for income taxes for the years 1925–1936 inclusive, with interest and penalties, alleged to have been erroneously and illegally collected by him from taxpayer.

After sundry mesne proceedings, the United States on September 2, 1954,

filed a motion for leave to intervene in this action in order to assert a claim against taxpayer which is not open to the defendant Collector. The proposed intervening petition alleges that the Commissioner of Internal Revenue, on his November 10, 1953, Baltimore Director's Special List No. 1, duly made jeopardy assessments against taxpayer of income taxes, penalties and interest for the years 1925 through 1930 and 1932 through 1934 in a total amount of $20,348.74. The Government prayed for judgment against taxpayer in the sum of $20,348.74, with interest according to law.

Taxpayer thereupon moved to dismiss the motion to intervene and the intervening petition of the Government for a number of reasons, all of which involve facts alleged in taxpayer's motion and not theretofore appearing in the pleadings or record in this case. The facts so alleged were not supported by affidavit or exhibits. The Government did not file any answer to taxpayer's motion to dismiss, but at the oral argument on said motion, which was set for hearing routinely, counsel for the Government stated that the Government disputed some of the facts set out in that motion.

Taxpayer's motion alleges, *inter alia*, that within ninety days after the deficiency notice of November 23, 1953, taxpayer filed a petition in the Tax Court contesting the alleged deficiencies, and claiming refunds of $14,273.44 plus interest for the years involved in that notice (i. e., 1925–1930 and 1932–1934, being some but not all of the years involved in·this action. Taxpayer alleges that his $14,273.44 claim for refund in the Tax Court is for items different from and additional to those claimed by him in this action, and which he could not have claimed in this action when it was originally filed.

Taxpayer contends that this court has no jurisdiction to entertain the intervening petition because it raises questions of law and fact not heretofore raised in this action, but already at issue in the Tax Court.

■ Section 272(a) (1) of the Internal Revenue Code, Title 26 U.S.C.A., provides that where a petition has been filed with the Tax Court for a redetermination of a deficiency, no assessment of the deficiency or proceeding in court for its collection shall be made, begun or prosecuted until the decision of the Tax Court has become final. However, these provisions do not apply in the case of jeopardy assessments. Section 272(a) (2), Section 273(a), (c), I.R.C. In the case of a jeopardy assessment, absent a bond posted by taxpayer to stay collection, appropriate action may be taken to enforce payment of the deficiency before a final decision by the Tax Court. Section 273(f), I.R.C.; Lamar v. Granger, D.C.W.D.Pa., 99 F.Supp. 17, at page 45.

Moreover, it is doubtful whether the prohibition in Section 272(a) (1) applies to counterclaims asserted by the United States in a refund suit. Lamar v. Granger, supra. See also Camp v. U. S., 4 Cir., 44 F.2d 126; Ohio Steel Foundry Co. v. U. S., 38 F.2d 144, 149, 69 Ct.Cl. 158. Although the Camp and Ohio cases are distinguishable from the case at bar, in that no claim for affirmative relief was made by the defendant Government in either of those cases, they do recognize the principle that where a taxpayer brings an action to recover an alleged overpayment of taxes, the Government should be permitted to file a counterclaim in such an action for additional taxes for the years in question, to prevent the entry of a judgment without all issues having been raised.

In Camp v. U. S., supra, the Fourth Circuit concluded that the District Court did have jurisdiction of the issues involved in view of the fact (which is also true in the case at bar) that the action for refund had been instituted before the appeal to the Board of Tax Appeals (now Tax Court) was taken. Judge Parker's opinion noted that since the appeal pending before the Board involved the same question as the refund suit in the District Court, the finding of the tribunal which first passed upon the

 

question would be binding upon the other, and suggested that the District Court, if it thought proper to do so, might, upon application, stay proceedings in the refund case until the Board of Tax Appeals had acted.

In the case at bar, taxpayer notes that the matter of unexplained bank deposits for the years in question was not raised either by him or by the defendant Collector in this suit prior to the Government's motion to intervene. Taxpayer states that the I.R.C. specifically limits him, in his suit for refund against the Collector, to items for which refund claims were filed and denied, and contends that the counterclaim is similarly limited. Taxpayer cites no authority for this proposition, and it appears to be contrary to the reasoning of the cases cited above.

Taxpayer denies that the Government can rely upon the jeopardy assessment to give this court jurisdiction of the counterclaim in this case, contending that the jeopardy assessment levied by the Government on November 23, 1953, was in effect abated as the result of a conference between counsel for taxpayer and counsel for the Government on May 4, 1954. Plaintiff's motion admits that the jeopardy assessment was not abated by the filing of a bond, but contends that the Government waived the necessity of such bond and that plaintiff has been and is now willing to give such bond if desired and necessary as an alternative to intervention by the Government in this case.

It is obvious that the bare allegations of such abatement and waiver, which are not admitted by the Government, cannot authorize the refusal of the motion to intervene. I will allow such intervention, but will take evidence on the question of what happened at the conference of May 4, 1954, before deciding whether this court should proceed promptly with the claims and counterclaims in this case or should delay further proceedings until the case in the Tax Court has been decided.

Plaintiff's motion also refers to discussions and agreements at the time this case was in the preliminary call in May, 1954, and to a letter from Government counsel written before the petition to intervene was filed, agreeing that this case be tried before the Tax Court case, provided this case proceeded to trial within a reasonable time. These matters will also be considered at the hearing to determine whether this court should proceed with this case at this time, or should delay proceedings until the Tax Court has acted.

Taxpayer contends that the Government is estopped to assert the claims set out in the intervening petition, because of its delay in making the claims set out therein, and further alleges that said claims are barred by limitations. These matters, however, should be raised in an answer to the intervening petition (counterclaim) and not on such a motion to dismiss as we are considering here.

The Government's petition to intervene is hereby granted. Taxpayer's motion to dismiss is hereby denied.