Clarence M. PLITT

v.

George HOFFERBERT, Collector of Internal Revenue, formerly in office, Defendant,

and

United States of America, Intervenor.

Civ. A. No. 6439.

United States District Court
D. Maryland, Civil Division.

Aug. 12, 1955.

M. William Adelson, Eugene P. Smith and Sheldon H. Braiterman, Baltimore, Md., for plaintiff.

George Cochran Doub, U. S. Atty., and James H. Langrall, Asst. U. S. Atty., Baltimore, Md., and H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Roger M. Stuart, Jr., Sp. Assts. to Atty. Gen., Washington, D. C., for defendant and intervenor.

THOMSEN, Chief Judge.

This action was brought by plaintiff taxpayer to recover income taxes for the years 1925 to 1936, inclusive, with interest and penalties, alleged to have been erroneously and illegally collected by defendant collector. The government filed a motion for leave to intervene in this action in order to assert a claim against taxpayer which is not open to defendant collector. The government's counterclaim is for additional income taxes, penalties and interest for the years 1925 through 1930 and 1932 through 1934. A deficiency notice for these additional taxes was sent to the taxpayer on November 23, 1953, after a jeopardy assessment had been made earlier in that month and several months after the complaint in this action had been filed. After the deficiency notice was received by taxpayer and after the jeopardy assessment had been made but before the government filed its motion to intervene herein, taxpayer filed a petition in the Tax Court contesting the alleged deficiencies and claiming refunds for the years involved in the deficiency notice. Taxpayer moved to dismiss the government's petition to intervene herein for a number of reasons, which I discussed in an opinion reported in 125 F.Supp. 809. Pursuant to that opinion, I granted govern-

ment's petition to intervene and denied taxpayer's motion to dismiss. I agreed, however, to take evidence on the question of whether the jeopardy assessment had been abated by agreement or waiver, and whether this court should proceed promptly with the claims and counterclaims or should delay further proceedings until the case in the Tax Court has been decided.

Taxpayer thereupon filed an answer to the intervening petition of the government, which set up three affirmative points: (1) that the additional assessments and counterclaim are barred by limitations; (2) that, under section 272 (a) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A., and other applicable statutes, the government is barred from asserting the counterclaim and that this court has no jurisdiction to consider it; and (3) that the government is estopped to make that counterclaim and is further barred by laches and waiver.

More recently, the government has filed a motion for further hearing to take evidence on various questions before deciding whether this court should proceed promptly with the claims and counterclaims in this case or should delay further proceedings until the case in the Tax Court has been decided.

Pursuant to the motion of the government, a hearing was held, at which I decided that the government had not agreed to abate the jeopardy assessment and was not otherwise barred from asserting its claim by reason of anything which happened at the conference on May 4, 1954.

The respective parties have also filed briefs on the questions (1) whether the jeopardy assessment was invalid; (2) whether in the absence of a valid jeopardy assessment the restrictions of section 272(a) (1) of the Internal Revenue Code of 1939 bar the assertion by the government of its counterclaim herein.

█ The reason for making the jeopardy assessment in this case is set out in a letter dated October 27, 1953, from the Acting Commissioner of Internal Revenue to the District Director of Internal Revenue at Baltimore. That letter stated:

"As there is some chance of this action coming to trial within ninety days, it is suggested that you make jeopardy assessments based on the possible loss of revenue through res judicata.

"So far as this office is advised, there is no jeopardy premised on the potential inability of the taxpayer to pay. In view of this fact, provided you are satisfied that the interests of the Government will not be jeopardized, it is suggested that you withhold the issuance of a warrant for distraint or the filing of a notice of lien or any other efforts to enforce collection, pending disposition of the Government's motion to intervene. It is recommended, however, that the usual notice and demand be issued under Section 2655, I.R.C. (this should read Section 273(a) and (b), I.R.C.) in order to avoid any technical objection to the motion for intervention and also to prevent the loss of interest (Code Section 294(b).

"If in your judgment, as already suggested, the interests of the Government will not be jeopardized, please inform the taxpayer at the time notice and demand is made that further enforcement procedures are not contemplated at this time—pending disposition of the case in court."

Taxpayer contends that the stated reason for making the jeopardy assessment is not a proper reason and that the jeopardy assessment is, therefore, void. It is true that the government could have filed a counterclaim in this suit without making a jeopardy assessment and thereby have accomplished its apparent purpose of avoiding the possibility of a judgment in favor of the taxpayer in this case becoming res judicata of the tax liability for the years in question without the government's claim for additional taxes being considered. It appears, therefore, that the jeopardy assessment was probably unnecessary. However, I

cannot say that the making of the jeopardy assessment involved an abuse of discretion on the part of the acting commissioner; nor are there any sufficient reasons for granting relief against the jeopardy assessment in this case such as existed in the cases of Shelton v. Gill, 4 Cir., 202 F.2d 503, Yoke v. Mazzello, 4 Cir., 202 F.2d 508, and Sanders v. Andrews, D.C.W.D.Okl., 121 F.Supp. 584, 600. In the absence of such reasons, this court possibly cannot and under the circumstances should not strike down the jeopardy assessment. Veeder v. Commissioner, 7 Cir., 36 F.2d 342; Adler v. Nicholas, D.C.D.Col., 70 F.Supp. 514; Foundation Co. v. U. S., 15 F.Supp. 229, 83 Ct.Cl. 515; Brown-Wheeler Co., Inc., v. Commissioner, 21 B.T.A. 755.

█ The filing of the deficiency notice and the jeopardy assessment required taxpayer either to file his petition in the Tax Court contesting the deficiency or to pay the deficiencies, with interest and penalties, and sue in this court to recover the additional amounts. Since the commissioner has put taxpayer to this additional trouble and expense, it seems only fair that taxpayer should have the right at this time to decide whether he wishes to proceed with this action or to proceed with his case in the Tax Court. The interests of justice require that taxpayer should not be permitted to recover a judgment in this case on his original claim which would be res judicata of the entire tax liability for the years in question unless the government is given an opportunity in this case, or in some other tribunal, to have its claim for additional taxes determined before any judgment is entered for the plaintiff in this case. Lamar v. Granger, D.C.W.D.Pa., 99 F. Supp. 17 and cases cited therein, and in 125 F.Supp. 809. Plaintiff may, therefore, elect to proceed with this action or with his suit in the Tax Court. Plaintiff may further elect to have the matters raised by the deficiency notice and the jeopardy assessment determined either in this court on government's counterclaim or in the proceeding in the Tax Court. But if taxpayer elects to proceed with this case before proceeding with the suit in the Tax Court and elects to have the questions raised by the deficiency notice and the jeopardy assessment determined by the Tax Court rather than by this court, I will not enter a judgment in favor of the plaintiff in this case until after the proceeding in the Tax Court has been finally determined, including any appeals from the decision of the court therein.