IREJANE J. DENWITTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Denwitty v. Commissioner
Docket No. 496-88
United States Tax Court
T.C. Memo 1991-89; 1991 Tax Ct. Memo LEXIS 108; 61 T.C.M. (CCH) 2035; T.C.M. (RIA) 91089; March 4, 1991, Filed *108 Decision will be entered under Rule 155. Irejane J. Denwitty, pro se. Mark B. Barta, for the respondent. GOFFE, Judge. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION This case involves the determination of deficiencies in windfall profit tax pursuant to section 4986, [1] for the taxable years 1983, 1984, and 1985 and additions to tax for those years as follows: Additions to Tax Under Taxable
Sec.
Sec.
Sec. Sec.
Year Deficiency
6651(a)(1)
6651(a)(2)
6653(b) 6701
1983 $ 2,500
$ 562
$ 500
$ 1,250
$ 11,000
1984 2,500
562
350
1,250
11,000
1985 41,325
9,298
3,306
20,663
1,000
Respondent, in his answer, concedes that petitioner is not liable for additions to tax under the provisions of sections 6651(a)(1), 6651(a)(2), and 6701 of the Internal *109 Revenue Code. The issues presented for decision are: (1) Whether petitioner was entitled to credits against windfall profit tax for tax withheld from oil royalty income received by petitioner; (2) whether petitioner is liable for additions to tax for fraud under the provisions of section 6653(b); or (3) whether petitioner is liable for additions to tax for negligence under the provisions of section 6653(a). FINDINGS OF FACT Petitioner resided in Dallas, Texas, at the time she filed her petition in this case. The deficiency notice determined tax liabilities for both Robert and Irejane Denwitty but Robert Denwitty did not file a petition in the Tax Court. Petitioner owns a royalty interest in oil and gas produced from 1.666 acres of land in Patterson, St. Mary Parish, Louisiana. In 1983 and 1984, petitioner, by virtue of her ownership of the royalty interest, received $ 6.55 and $ 6.14, respectively, from Cockrell Oil Corporation (Cockrell Oil). Cockrell Oil withheld $ .11 for 1983 and $ .23 for 1984 in windfall profit tax on petitioner's behalf. Cockrell Oil's royalty interest was purchased by Pennzoil Producing Company (Pennzoil) in 1985. In that year, Pennzoil paid petitioner *110 $ 2.02 in royalties, less $ .06 withheld for the windfall profit tax. Petitioner and her husband filed joint Forms 1040, U.S. Individual Income Tax Returns, for the taxable year 1983 and the taxable year 1984. They claimed credits for payments of windfall profit tax of $ 2,500 in each year. They subsequently filed Amended U.S. Individual Income Tax Returns for each year (Forms 1040X) claiming an additional $ 7,304.80 credit of windfall profit tax for each year. Petitioner and her husband also filed a joint Form 1040, U.S. Individual Income Tax Return for the taxable year 1985. On this return they claimed a refund of $ 43,591.88, of which $ 41,325 was claimed to be an overpayment of windfall profit tax. Petitioner did not prepare any of the income tax returns described above. Robert Denwitty prepared all of the returns but petitioner and her husband signed the returns. During the trial of this case, this Court issued a bench warrant for Robert Denwitty because he failed to comply with a subpoena served upon him. The U.S. Marshal's office, however, was unable to locate him. Robert Denwitty has an arrest record with the Dallas Police Department for "terroristic threats" and *111 aggravated assault. Although petitioner suspected that the returns which were prepared by Robert Denwitty were erroneous, she, nonetheless, signed them. The Commissioner issued refunds to petitioner and her husband in the amounts of $ 2,500 for 1983, $ 2,500 for 1984, and $ 41,325 for 1985. These refunds of income tax were claimed by petitioner and her husband to be overpayments of windfall profit tax. In his answer, respondent asserts that petitioner is liable for the amounts refunded and an addition to tax under section 6653(b) or, in the alternative, section 6653(a)(1) and section 6653(a)(2). OPINION For purposes of the windfall profit tax, the producer of crude oil is liable for the tax and the holder of the economic interest in the oil is the producer. Secs. 4986 and 4996(a)(1); sec. 51.4996-1(b)(1), Excise Tax Regs. Petitioner owns the economic interest in oil upon which she and her husband claimed overpayments of windfall profit tax on their joint Federal income tax returns, and they are, therefore, ultimately liable for the tax. Sec. 4986(b). An overpayment of windfall profit tax may be claimed as a credit against the producer's income tax liability. Sec. 51.6402-1, *112 Excise Tax Regs. Cockrell Oil, and later Pennzoil, was the first purchaser of the crude oil from the property. The first purchaser provides statements to the Internal Revenue Service reflecting the amount of windfall profit tax withheld and the amount of royalty payments. Sec. 51.4997-2(b) and (c), Excise Tax Regs. Cockrell Oil withheld $ .11 windfall profit tax in 1983 and $ .23 in 1984 and paid petitioner and her husband $ 6.55 and $ 6.14 as royalties on oil produced in 1983 and in 1984. During 1985, Pennzoil withheld $ .06 windfall profit tax and paid petitioner and her husband $ 2.02 for her share of the oil produced. Petitioner and her husband filed Federal income tax returns for 1983, 1984, and 1985 claiming credits for overpaid windfall profit tax in the amount of $ 2,500, $ 2,500, and $ 41,325, respectively. Petitioner was not entitled to these credits because payments of windfall profit tax in these amounts were not paid nor were such taxes withheld. Sec. 51.6402-1, Excise Tax Regs. Respondent may correct an erroneous refund or credit by his determination. Miller v. Commissioner, 23 T.C. 565, 568-569 (1954), affd. 231 F.2d 8 (5th Cir. 1956). *113 Petitioner argues that she merely signed the joint returns but did not prepare them. She further maintains that the Internal Revenue Service, in reviewing the returns that were filed, should discover errors and, upon discovery, refuse to process the returns. Both these arguments are without merit. Spouses may file a joint return even though one has neither gross income nor deductions, but, as a consequence, the liability for tax with respect to the return is joint and several. Sec. 6013(a) and (d)(3). Petitioner testified that she might have been "bodily harmed" if she refused to sign the returns. This raises the question of whether petitioner truly intended the returns to be "joint" returns within the meaning of the Internal Revenue Code. This Court has jurisdiction to redetermine the individual income tax liability of a spouse who did not, in fact, join in the filing of a joint income tax return. Stanley v. Commissioner, 81 T.C. 634, 639 (1983). A joint return does not constitute a "joint return" when either party signs the return under duress. Brown v. Commissioner, 51 T.C. 116, 119 (1968); see also Stanley v. Commissioner, 45 T.C. 555 (1966). *114 Petitioner has the burden of proving that she signed the returns under duress. This requirement applies to the facts involved with signing each return. Stanley v. Commissioner, 45 T.C. at 560. The spouse who claims that a return is not a joint return must show both that (1) he or she was unable to resist the demands of the other spouse to sign the return, and that (2) he or she would not have signed the return except for the constraint applied to his or her will by the other spouse. Stanley v. Commissioner, 81 T.C. at 638; Brown v. Commissioner, 51 T.C. at 119. Duress is determined under a uniform Federal standard. Stanley v. Commissioner, 45 T.C. at 562. "The self-determination of such action is measured by a wholly subjective standard, i.e. 'whether the pressure applied did in fact so far affect the individual concerned as to deprive [her] of contractual volition.'" Stanley v. Commissioner, 81 T.C. at 638, quoting Furnish v. Commissioner, 262 F.2d 727, 733 (9th Cir. 1958), affg. in part and remanding in part Funk v. Commissioner, 29 T.C. 279 (1957). *115 Petitioner testified that "I felt like if I had not signed them, there would probably have been bodily harm to me, because my husband, he have a record." In addition, she testified that her husband used a Federal tax course book and petitioner thought, therefore, that he had properly prepared the tax returns. At another point, petitioner complained that the Internal Revenue Service examines returns and should have discovered and corrected the mistakes. This last statement suggests that petitioner may have suspected errors in the returns and that she was relying upon the Internal Revenue Service to detect the errors. The demeanor of petitioner and her appearance before this Court when explaining her reasons why she signed the returns does not persuade us that she was unable to resist her husband's demands to sign the returns. Petitioner did not testify that she refused to sign the returns, or that she even hinted to her husband that she objected or was reluctant to sign them. Brown v. Commissioner, 51 T.C. at 119. We are hard pressed to find that her husband demanded that she signed the returns. Accordingly, we find that petitioner was not under duress to *116 sign the tax returns in question. Petitioner is liable for the deficiencies in tax determined by the Commissioner. Respondent has conceded petitioner's liability for additions to tax under sections 6651(a)(1), 6651(a)(2), and 6701. Respondent, however, maintains that petitioner is liable for additions to tax under section 6653(b) or, in the alternative, sections 6653(a)(1) and 6653(a)(2). Section 6653(b) imposes a 50-percent addition to the tax when the underpayment is attributable to fraud. Fraud is the "intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States, 398 F.2d 1002, 1004 (3rd Cir. 1968), cert. denied 393 U.S. 1020, 21 L. Ed. 2d 565, 89 S. Ct. 627 (1969); Traficant v. Commissioner, 89 T.C. 501, 532 (1987), affd. 884 F.2d 258 (6th Cir. 1989). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The burden is upon respondent to prove fraud *117 by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraud may be proved by circumstantial evidence, and the taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Respondent argues that petitioner filed returns claiming tax benefits to which she was obviously not entitled and that the returns were clearly and egregiously erroneous. Respondent further points out that petitioner advanced conflicting theories as to why she signed the returns and that her reliance upon her husband to prepare the returns is without foundation because she knew her husband had a criminal record. Finally, respondent lists the indicia or "badges" of fraud which are present in this case: Filing numerous false documents, no explanation of why they were filed, the large tax benefits which should have placed petitioner on notice that care should be used in preparing the returns, the fact that the returns were filed within a short span of time, and the non-technical *118 nature of the claimed tax benefits. Patton v. Commissioner, 799 F.2d 166, 171 (5th Cir. 1986), affg. a Memorandum Opinion of this Court; [2]Nicholas v. Commissioner, 70 T.C. 1057, 1065 (1978). We cannot agree with respondent's conclusion that fraud has been established with clear and convincing proof. Filing incorrect documents, without more, does not establish fraud. Further, the scheme of taxation of windfall profits from production of oil is a highly complex and technical law. Provisions which couple the liability for windfall profit tax with the liability for income tax are unusual. Respondent has not presented us with much evidence of petitioner's intent when signing these tax returns. Petitioner did not prepare or assist in the preparation of returns. Respondent presented no testimony or any other evidence of fraudulent intent or motive, or evidence as to whether petitioner enjoyed the benefits of the improper refunds of tax. *119 When we announced in open court that the U.S. Marshal could not locate Robert Denwitty to serve him with our bench warrant, we asked counsel for respondent if he, nevertheless, wanted to proceed to trial. He announced that he wished to try the case at that time. We conclude that respondent has not met his burden of proving by clear and convincing evidence the additions under section 6653(b) for fraudulent underpayment for any of the taxable years involved. We turn now to respondent's alternative argument raised in his answer claiming additions to tax provided in section 6653(a)(1) and (2). Section 6653(a)(1) imposes a 5-percent addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of the rules or regulations. Section 6653(a)(2) provides for a separate addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of the rules and regulations. Negligence within the meaning of section 6653(a) has been defined as the "failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Rybak v. Commissioner, 91 T.C. 524, 565 (1988); *120 Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner testified that "the money kept coming, and I didn't know what he (petitioner's husband) was doing, and I don't know whether he knows what he was doing or not." A reasonable person, at a minimum, would have been on notice to make some inquiry into the propriety of her husband's actions in preparation of the returns. Based upon the entire record, it is apparent to us that petitioner ignored all of the signs which undoubtedly came to her attention over a substantial period of time that something was amiss with respect to the tax returns. Accordingly, we sustain the additions to tax under section 6653(a)(1) and (2). To reflect the foregoing, as well as concessions on the part of respondent, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1983, 1984, and 1985, and Rule numbers refer to the Rules of Practice and Procedure of this Court.↩
2. T.C. Memo 1985-148↩.