Fenwal, Incorporated v. Commissioner.
Fenwal, Inc. v. Commissioner
Docket No. 21231.
United States Tax Court
1949 Tax Ct. Memo LEXIS 218; 8 T.C.M. (CCH) 345; T.C.M. (RIA) 49084; April 15, 1949
Samuel S. Dennis, III, Esq., for the petitioner. Leo C. Duersten, Esq., for the respondent. MURDOCK
Order MURDOCK, Judge: For reasons set forth in a Memorandum accompanying this order, it is ORDERED, that the respondent's motion is granted and the proceeding is dismissed for lack of jurisdiction in so far as it relates to excess profits tax penalty for 1943. Memorandum to Accompany Order Granting Motion to Dismiss in Part MURDOCK, Judge: The Commissioner mailed a notice of deficiency to the petitioner dated September 20, 1948, in which he determined *219 deficiencies in income tax for 1942 and 1943, a deficiency in income tax penalty for 1943 and overassessments in excess profits tax and excess profits tax penalty for 1943. He explained that the penalty represented a 15 per cent addition to the tax under section 291(a) of the Internal Revenue Code because the petitioner had failed to file its returns for 1943 within the time prescribed by law. The figures in the following table are taken from the statement attached to the notice above described: 1943
Liability
Assessed
Overassessment
Excess Profits Tax
$100,475.77
$102,707.45
$ 2,231.68
Addition to tax
15,071.37
31,490.07
16,418.70
The petitioner did not assign any error relating to excess profits taxes for 1943 except with respect to the addition to the tax for failure to file the return on time. The respondent moved to dismiss the proceeding for lack of jurisdiction in so far as it relates to the penalty or addition to the excess profits tax for failure to file a timely return. The basis of the motion is that the notice upon which the petitioner relies for the jurisdiction of this Court did not determine a deficiency in *220 excess profits tax penalty for 1943 but, on the contrary, determined an overassessment, and a prerequisite to the jurisdiction of this Court is the mailing of a notice of deficiency. The parties were fully heard on that motion. There would be a deficiency within the definition contained in section 271(a)(1) where the tax imposed exceeds the sum of the amount shown as the tax by the taxpayer on his return, plus amounts previously assessed as a deficiency. The petitioner recognizes that the notice upon which it relies shows an overassessment in the excess profits tax penalty, but it contends that the notice in fact determines a deficiency therein. Cf. New England Power Co., 25 B.T.A. 195. It is incumbent upon the petitioner to allege and prove facts to show that this Court has jurisdiction of the proceeding. Louisiana Naval Stores, Inc., 18 B.T.A. 533. Thus, the petitioner would have to allege and prove facts showing that the notice was in fact the determination of a deficiency. The petitioner claims that no part of the addition to the tax here in question was ever validly assessed and, therefore, the determination of an overassessment in penalty based *221 upon late filing of the return was a deficiency under the definition given above. Cf. Angier Corporation, 17 B.T.A. 1376, modified on other points 50 Fed. (2d) 887. It would not follow as a matter of course that the petitioner's remedy for an invalid assessment would be to proceed in this Court. But that question need not be decided because, for all that appears, the taxpayer may have waived the restrictions against assessment, and if that were so, the petitioner's whole argument would fall. See also section 274. The petitioner has failed to show that the Court has jurisdiction and the respondent's motion to dismiss is therefore granted. Cf. Rosemary Manufacturing Co., 9 T.C. 851.