Joseph T. MILLER and Crystal V. Miller, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15767.

United States Court of Appeals Fifth Circuit.

March 27, 1956.

Ralph O. Cullen, John W. Prunty, Miami, Fla., for petitioners.

Harry Marselli, Atty., Dept. of Justice, H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Atty., Dept. of Justice, John Potts Barnes, Chief Counsel, Int. Rev. Service, Rollin H. Transue, Sp. Atty., Lee A. Jackson, Frank E. A. Sander, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This proceeding[1] for redetermination of a deficiency of $24,772.05 in the 1946 income tax of each of the petitioners presented below two questions for decision: (1) Did the respondent properly compute the deficiencies? (2) Is he estopped from asserting them?

The Tax Court, in an opinion[2] fully and correctly setting out the facts, answered the first question in the affirmative on the authority of Kurtzon v. Commissioner, 17 T.C. 1542, a case which involved a similar issue under comparable facts. It answered the sec-

---

1. It arose in this way:

(1) By reason of a net operating loss deduction from a loss incurred in 1948, the respective petitioners received tentative abatements of their income taxes assessed for the taxable year 1946, before the renegotiation tax credit under section 3806 [26 U.S.C.A. § 3806] applicable to 1946 was applied. Because the abatements were in excess of the amounts properly allowable, the respondent determined deficiencies which peti-

tioners allege are contrary to the definition of a deficiency contained in section 271, I.R.C.1939, 26 U.S.C.A. § 271.

(2) The respondent filed tax liens for the unpaid income taxes assessed for 1946. On the abatement of such taxes certificates of discharge of tax liens were issued. Petitioners allege that by reason of the issuance of such certificates the respondent is estopped from thereafter determining a deficiency.

2. 23 T.C. 565.

ond question in the negative, basing its answer on the conclusion that the facts furnish no basis for a finding of estoppel.

Appealing from the decision, petitioners are here seeking its reversal. Admitting that the "facts in the Kurtzon case are very similar to the facts in this case", they insist that that case was not correctly decided and should not be followed. Not at all challenging the correctness of the Tax Court's findings of fact, petitioners assail its conclusion that no basis for estoppel is shown. Urging "the treatment which petitioners have received at the hands of the commissioner has not been completely frank and fair", and citing cases supporting their view, that estoppel may be asserted against the government in a proper case, petitioners insist that this is such a case.

The commissioner, pointing out, as the Tax Court did, that the application on form 1045 for the tentative carryback adjustments was filed to get prompt action upon the release of liens, and quoting from his letter to the taxpayer, "This allowance is a tentative adjustment which ordinarily carries no interest. Final adjustment of the tax liability and of any interest which may be allowable will be made at a later date.", insists that there was and is no basis for the estoppel claim.

Finally, citing Knapp-Monarch Co. v. Commissioner, 8 Cir., 139 F.2d 863 in support of his position that it is essential to an estoppel that the claimant show that in reliance on another's word or action he acted to his injury and, pointing out that petitioners have failed to show the existence of either justified reliance or action to their injury or any sufficient reason for departing from the formula used in, or the teachings of the Kurtzon case, the commissioner insists that the petition should be denied and the judgment affirmed.

We find ourselves in full agreement with these views and with the grounds stated by the Tax Court in its opinion. Without, therefore, further discussion of, or elaboration upon, them, we deny the petition for review and affirm the judgment.

Affirmed.