T.C. Memo. 2003-322

UNITED STATES TAX COURT

RONALD E. BOYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8241-02L.          Filed November 20, 2003.

Ronald E. Boyer, pro se.

<u>Jason W. Anderson</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Petitioner filed his petition under section
6330(d)[1] seeking review of respondent's determination to proceed
with a proposed levy to collect petitioner's 1986 and 1987

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at all relevant times, all
Rule references are to the Tax Court Rules of Practice and
Procedure, and all dollar amounts are rounded to the nearest
dollar.

Federal income tax liabilities. The sole issue for decision is whether respondent's determination to proceed with the proposed collection activity is an abuse of discretion. We hold it is not.

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Watseka, Illinois, at the time he filed the petition in this case.

## Background

Petitioner and his wife, Tilda Boyer[2] (collectively, the Boyers), filed an untimely joint Federal income tax return for 1986 on November 16, 1987 (the 1986 return). On the basis of the 1986 return, respondent assessed $18,020 in income tax, $356 as an addition to tax for failure to pay estimated tax under section 6654, $4,029 as an addition to tax for failure to file the 1986 return timely under section 6651(a)(1), $537 as an addition to tax for failure to pay timely the amount shown as tax on the return under section 6651(a)(2), plus interest (the 1986 tax liability). On May 3, 1988, respondent filed a Notice of Federal Tax Lien (Tax Lien Notice) regarding the 1986 tax liability.

---

[2] Tilda Boyer did not join with her husband in filing the petition and, therefore, is not a petitioner in this case.

On or about January 25, 1991, the Boyers entered into an installment agreement to pay the 1986 tax liability (the 1986 installment agreement). The Boyers made payments pursuant to the 1986 installment agreement for almost 8 years. The Boyers stopped making payments, in default of the 1986 installment agreement, on October 5, 1998.

The Boyers filed an untimely joint Federal income tax return for 1987 on June 6, 1988 (the 1987 return). On the basis of the 1987 return, respondent assessed $8,444 in income tax, $456 as an addition to tax for failure to pay estimated tax under section 6654, $84 as an addition to tax for failure to pay timely the amount shown as tax on the return under section 6651(a)(2), plus interest (the 1987 tax liability). Respondent filed a Tax Lien Notice regarding the 1987 tax liability on August 8, 1989, and almost 5 years thereafter, the Boyers entered into an installment agreement to pay the 1987 tax liability (the 1987 installment agreement). The Boyers made payments pursuant to the 1987 installment agreement for 4 years but stopped making payment, in default of the 1987 installment agreement, on February 2, 1998. Respondent failed to refile a tax lien notice as required by section 6323(g) regarding the 1987 liability.

On November 7, 1997, the Boyers signed a Form 900, Tax Collection Waiver, relating to the 1986 and 1987 tax liabilities.

The waiver extended the statutory period to collect the Boyers' tax liabilities for both years until December 31, 2005.[3]

On November 24, 1997, respondent inadvertently and erroneously released the Federal tax lien relating to the 1986 tax liability.  Respondent released the lien by filing a Form 668(Z), Certificate of Release of Federal Tax Lien (RFTL), with the Office of the County Clerk and Recorder, Iroquois County, Watseka, Illinois.  The RFTL stated in part:

> that * * * the requirements of section 6325(a) * * * have been satisfied for the taxes * * * and for all statutory additions.  Therefore, the lien provided by Code section 6321 for these taxes and additions has been released.  * * *

After the RFTL was filed, the Boyers continued to make payments under the 1986 installment agreement.  Specifically, the Boyers made installment payments on May 26 and October 5, 1998. The Boyers also made installment payments under the 1987 installment agreement after the RFTL was filed.

---

[3]  Given that the waiver was signed before Dec. 31, 1999, the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3461(c)(2), 112 Stat. 764, provides that the expiration of the statutory period, unless suspended, would occur on Dec. 31, 2002, rather than Dec. 31, 2005. Nevertheless, because the Boyers timely requested a sec. 6330 hearing before Dec. 31, 2002, the statutory period for collection of the Boyers' 1986 and 1987 tax liabilities has been suspended until the final resolution of these collection issues.  See sec. 6330(e).  In any event, while the Boyers raised the expiration of the collection period in the sec. 6330 hearing, petitioner did not raise it in any pleadings filed with this Court. Accordingly, it is deemed conceded.  See Rule 331(b)(4).

On August 31, 2001, respondent sent the Boyers a Notice of Intent to Levy under Section 6331(d) relating to their unpaid 1986 and 1987 tax liabilities.  The Boyers timely filed Form 12153, Request for a Collection Due Process Hearing.  In their request, the Boyers raised two issues.  First, the Boyers contended that they had no outstanding tax liability for 1986 or 1987 because the RFTL showed that their outstanding tax liability was either paid or made unenforceable.  Second, the Boyers contended that the statutory period for collection had expired for both the 1986 and 1987 tax liabilities.  The Boyers did not raise any spousal defenses or offer collection alternatives.

An Appeals officer wrote a letter to the Boyers dated March 7, 2002, and explained that, although the transcripts of their account showed that the lien for 1986 was released as reflected by the RFTL, the lien for 1986 was released prematurely.  The Appeals officer further explained that the 1986 liability remained due and owing because the Boyers failed to make all required payments under the 1986 installment agreement. The Appeals officer also noted that the RFTL related solely to the 1986 liability, not the 1987 liability.  As with the 1986 liability, the balance of the 1987 liability remained due and owing.

Regarding the Boyers' argument that the collection period had expired, the Appeals officer reminded the Boyers that they

had extended the statutory collection period until December 31, 2005, by signing the Form 900. Therefore, the Appeals officer explained, the statutory period had not expired.

The Appeals officer informed the Boyers by mail on two occasions that they had to contact her if they wished to continue with the appeal process. Neither of the Boyers responded to the Appeals officer's two letters or contacted the Appeals officer. Consequently, on April 12, 2002, respondent sent the Boyers a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (Determination Notice). The Determination Notice informed the Boyers that, after considering the facts of their case and their contentions, the Appeals officer recommended that the proposed levy action be pursued to collect their 1986 and 1987 tax liabilities. The Determination Notice also informed the Boyers of their right to judicial review of the administrative determination. Petitioner timely filed his petition with this Court.

## Discussion

The Court in collection actions will review a taxpayer's liability de novo where the underlying tax liability is at issue. A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). The Court will review

the Commissioner's administrative determination for abuse of discretion with respect to all other issues. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner does not dispute the existence or the amount of the underlying tax liability.[4] Accordingly, the proper standard for review is whether the Appeals officer abused her discretion in determining that respondent could proceed with the proposed levy action.

Petitioner contends that respondent may not proceed with the proposed collection activity because the RFTL is tantamount to an admission by respondent that the underlying tax liability has been fully paid or is unenforceable. Petitioner also asserts that respondent is equitably estopped from collecting both the 1986 and 1987 tax liabilities. For the reasons explained, we disagree with petitioner and sustain respondent's determination to proceed with the proposed levy action.

A. Effect of Filing Tax Lien Release Certificate

We first address petitioner's argument that he has no liability for 1986 or 1987 because the RFTL showed that the tax lien was extinguished. Section 6325(a) requires the Commissioner to issue a certificate of release of any lien when the Commissioner finds that the liability for the amount assessed,

---

[4] The assessments were based upon the 1986 return and 1987 return.

together with all interest, is fully satisfied or legally unenforceable.  Section 6325(f)(1)[5] provides, with certain exceptions, that a certificate of tax lien release is conclusive that the lien upon the property referred to in the certificate is extinguished.

Respondent argues that neither section 6325 nor the caselaw provides that the filing of a certificate of release of lien extinguishes the underlying liability.  We agree.

It is well settled that although a certificate of tax lien release is conclusive that the lien is extinguished, it is not conclusive that the tax liability is extinguished.  See, e.g., Angier Corp. v. Commissioner, 50 F.2d 887, 892 (1st Cir. 1931),

---

[5] Sec. 6325(f) in pertinent part provides:

SEC. 6325(f).  Effect of Certificate.--

(1) Conclusiveness.--Except as provided in paragraphs (2) and (3), if a certificate is issued pursuant to this section by the Secretary and is filed in the same office as the notice of lien to which it relates (if such notice of lien has been filed) such certificate shall have the following effect:

(A) in the case of a certificate of release, such certificate shall be conclusive that the lien referred to in such certificate is extinguished;

\*   \*   \*   \*   \*   \*   \*

(2) Revocation of certificate of release or nonattachment.--If the Secretary determines that a certificate of release or nonattachement of a lien imposed by section 6321 was issued erroneously or improvidently * * * the Secretary may revoke such certificate and reinstate the lien–

affg. in part and vacating in part 17 B.T.A. 1376 (1926);[6] <u>Baker</u>
<u>v. Commissioner</u>, 24 T.C. 1021, 1025 (1955); <u>Miller v.</u>
<u>Commissioner</u>, 23 T.C. 565, 569 (1954), affd. 231 F.2d 8 (5th Cir.
1956);[7] <u>Foulds v. Commissioner</u>, T.C. Memo. 1989-29; <u>Urwyler v.</u>
<u>United States</u>, 77 AFTR 2d 96-794, 96-1 USTC par. 50,052 (E.D.
Cal. 1996). The plain language of section 6325(f)(1)(A) and of
the RFTL itself clearly shows that the release extinguishes the
tax lien, not the tax liability. <u>Baker v. Commissioner</u>, <u>supra</u>;
<u>Miller v. Commissioner</u>, <u>supra</u>. The underlying tax liability is
not extinguished when a lien is released. The underlying tax
liability remains until the tax is paid in full or the statutory

---

[6] In <u>Angier Corp. v. Commissioner</u>, 50 F.2d 887 (1st Cir.
1931), affg. in part and vacating in part 17 B.T.A. 1376 (1926),
the applicable statute was sec. 613(d), I.R.C. 1928, which
provided:

SEC. 613. LIEN FOR TAXES.

(d) A certificate of release or of partial discharge
issued under this section shall be held conclusive that the
lien upon the property covered by the certificate is
extinguished.

[7] In <u>Baker v. Commissioner</u>, 24 T.C. 1021 (1955), and <u>Miller</u>
<u>v. Commissioner</u>, 23 T.C. 565 (1954), affd. 231 F.2d 8 (5th Cir.
1956), the applicable statute was sec. 3675, I.R.C. 1939, which
provided:

SEC. 3675. EFFECT OF CERTIFICATES OF RELEASE OR PARTIAL
DISCHARGE.

A certificate of release or of partial discharge
issued under this subchapter shall be held conclusive
that the lien upon the property covered by the
certificate is extinguished.

period for collection expires. Sec. 301.6325-1(a)(1), Proced. & Admin. Regs. Because the tax was not paid in full, nor did the statutory period for collection expire, petitioner's 1986 and 1987 tax liabilities were not extinguished.

We also note that section 6325(f)(2), by its terms, allows the Commissioner to revoke a certificate of tax lien release where, as in this case, it was issued "erroneously or improvidently" and to reinstate the lien. This provision, which allows respondent to reinstate the lien, belies petitioner's argument that the erroneously issued certificate in this case extinguished his liability once and for all.

B. Equitable Estoppel Argument

Petitioner next contends that even if the RFTL did not extinguish the tax liability, respondent is otherwise equitably estopped from collecting his 1986 and 1987 tax liabilities. Petitioner argues that respondent's conduct over an extended period of time led petitioner to believe that respondent had stopped collection action and therefore petitioner no longer had any tax liability for 1986 or 1987.

Equitable estoppel is a judicial doctrine that requires a finding that the taxpayer relied on the Government's representations and suffered a detriment because of that reliance. Estoppel precludes a party from denying its own representations if those representations induced another to act

to his or her detriment. Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992). The Court has recognized that estoppel is applied against the Commissioner "with utmost caution and restraint." Id.; Kronish v. Commissioner, 90 T.C. 684, 695 (1988); Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987); Estate of Emerson v. Commissioner, 67 T.C. 612, 617 (1977).

The taxpayer must establish the following elements before equitable estoppel will be applied against the Commissioner: (1) The Commissioner knew the facts; (2) the Commissioner intended that his conduct be acted upon, or must have acted so that the taxpayer asserting estoppel had a right to believe it was so intended; (3) the taxpayer must have been ignorant of the facts; and (4) the taxpayer must have reasonably relied on the Commissioner's conduct to the taxpayer's substantial injury. Edgewater Hosp., Inc. v. Bowen, 857 F.2d 1123, 1137 (7th Cir. 1988). The party claiming estoppel has the burden of demonstrating the elements. See Lyng v. Payne, 476 U.S. 926, 935 (1986); United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987).

The Court of Appeals for the Seventh Circuit, to which this case is appealable, requires a fifth element for equitable estoppel to apply against the Commissioner. The fifth element requires the taxpayer asserting estoppel to demonstrate that the Commissioner has engaged in "affirmative misconduct." See Gibson

v. West, 201 F.3d 990, 994 (7th Cir. 2000) (citing Edgewater Hosp., Inc. v. Bowen, supra at 1138-1139). Affirmative misconduct is more than mere negligence. It requires an affirmative act to misrepresent or mislead. See Mendrala v. Crown Mortgage Co., 955 F.2d 1132, 1141-1142 (7th Cir. 1992).

Petitioner argues that, on the basis of respondent's conduct, respondent should be equitably estopped from collecting the unpaid 1986 and 1987 tax liabilities. Petitioner cites the following conduct: (1) Respondent filed the RFTL to release the Federal tax lien relating to the 1986 tax liability, (2) respondent failed to refile the Federal tax lien notice relating to the 1987 tax liability, and (3) respondent failed to take any collection action for over 3 years after the RFTL was filed. Petitioner asserts that this conduct caused petitioner to believe that he no longer had any tax liability for 1986 and 1987. Believing that he had no tax liability gave petitioner a false sense of security and caused him to incur more debt than he otherwise would have incurred.

Petitioner's equitable estoppel argument fails for several reasons. First, petitioner contends that he mistakenly thought that the RFTL extinguished not only the tax lien but the tax liability as well. Petitioner misunderstood the effect of the RFTL. This mistake was not induced by respondent. See Miller v. Commissioner, 23 T.C. 565, 569 (1954) (if the taxpayers in fact

relied upon such certificates as a discharge of their total tax liability, they did so because of a mistake on their part as to the effect of a predecessor of section 6325), affd. 231 F.2d (5th Cir. 1956). The Commissioner is not estopped from acting by a mistake of law of the taxpayer. See id.

Furthermore, we do not find that petitioner could have reasonably relied upon respondent's conduct to conclude that the Boyers no longer had any tax liability for either 1986 or 1987. Respondent assessed the liabilities, gave notice and made demand for payment, entered into agreements with the Boyers for payment of the liabilities, and requested the Boyers to extend the statutory period for collection for both 1986 and 1987. None of these actions is either individually or collectively consistent with respondent releasing the Boyers from their liabilities.

Moreover, the RFTL relating to the 1986 tax liability was filed only 17 days after the Boyers agreed to extend the collection period for that liability. Given this short timeframe, a prudent person most likely would have contacted respondent to ask why the RFTL had been filed and what effect, if any, filing the RFTL had on the underlying tax liabilities. Without asking for an explanation or contacting respondent, it was unreasonable for the Boyers to think that respondent would simply extinguish their tax liabilities a mere 17 days after the Boyers agreed to extend the statutory period.

In addition, the record is void of any persuasive evidence that respondent induced petitioner to take any action adverse to himself.  Petitioner's only allegation of "detriment"--that he suffered a false sense of security that caused him to incur additional debt--is uncorroborated.

Finally, we do not find that respondent's conduct in this case constitutes affirmative misconduct.  Respondent's only affirmative act was filing the RFTL, which petitioner has not shown is anything but an inadvertent error.  Further, respondent's failure to refile the tax lien notice regarding the 1987 tax liability and dilatoriness in pursuing collection actions do not rise to the level of affirmative misconduct.  We conclude that respondent is not estopped from collecting the Boyers' 1986 and 1987 tax liabilities.

We hold that respondent did not abuse respondent's discretion in determining to proceed with the collection action of the Boyers' 1986 and 1987 tax liabilities.  We have considered all of petitioner's contentions, arguments, and requests.  To the extent that they are not mentioned herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.