T.C. Memo. 2009-266


UNITED STATES TAX COURT


JOEL I. BEELER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20892-07L.                    Filed November 24, 2009.


<u>Richard S. Kestenbaum</u> and <u>Bernard S. Mark</u>, for petitioner.

<u>Marc L. Caine</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


GOEKE, <u>Judge</u>:  The issue for decision is whether
respondent's Appeals officer abused his discretion in sustaining
respondent's proposed levy action against petitioner to collect
100 percent of quarterly trust fund recovery penalties (TFRP) for
1981 and 1982.  Petitioner argues that respondent's filing of
Form 668 (Z), Certificate of Release of Federal Tax Lien, for a

related tax lien requires a finding that petitioner's liability for the trust fund tax liabilities has been satisfied. For the reasons stated herein, we find that respondent did not abuse his discretion in sustaining the proposed levy action.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in New York.

Petitioner's tax liability for the TFRP accrued during the last three quarters of 1981 and the first quarter of 1982 with respect to withheld income and Social Security taxes of a corporation of which petitioner was an officer and director. The liability was assessed March 26, 1985, under section 6672.[1] After assessment respondent filed a notice of Federal tax lien (NFTL) in New York, New York, and Sarasota, Florida.

On November 17, 1986, petitioner commenced an action in the U.S. District Court for the Southern District of New York, seeking a refund of payments made towards the assessed amount. Beeler v. United States, 894 F. Supp. 761 (S.D.N.Y. 1995). On March 9, 1987, the United States counterclaimed against petitioner seeking payment for the unpaid portion of the TFRP and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

filed third-party actions against the other two directors and officers of the corporation, Robert Liebmann and Stuart Ross. The Government sought to hold each of them liable for the TFRP.

The District Court ordered judgment in favor of the Government on the counterclaim against petitioner and the complaints against Mr. Liebmann and Mr. Ross, finding that they were "responsible persons" who "willfully" failed to pay over withholding taxes. Beeler v. United States, supra at 777. On or about September 1, 1995, the District Court entered an order against petitioner for the TFRP of $154,032.05, plus interest and statutory additions.

Judgments were also entered against Mr. Liebmann and Mr. Ross. Account transcripts for Mr. Liebmann and Mr. Ross on or about November 11, 2007, and May 27, 2002, respectively, contain entries which read: "Statute Expired-Clear to zero and Uncollectable Amount Owed." Account balances for both taxpayers reflect the corresponding computation of the described transactions. Mr. Liebmann and Mr. Ross are not parties to this dispute.

On February 29, 2000, the Internal Revenue Service (IRS) filed a Form 668 (Z), dated February 29, 2000, concerning the New York lien. The IRS also filed a Form 668(Z), dated February 22, 2001, concerning the Sarasota, Florida, lien. Respondent asserts these certificates of release were erroneously filed.

On September 25, 2006, respondent issued petitioner a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing on October 24, 2006. On January 30, 2007, the Appeals officer conducted a collection due process (CDP) hearing with petitioner's representative and discussed three issues: (1) Liability for filing penalties; (2) whether petitioner was liable for TFRP and whether the other two responsible persons made any payments; and (3) whether a release of NFTL meant that the underlying TFRP was satisfied. Petitioner now concedes issues (1) and (2), and focuses on issue (3); specifically, his argument that respondent's release of the NFTL requires a finding that the underlying TFRP was satisfied in full.

On August 17, 2007, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy. On September 14, 2007, petitioner timely filed his petition in this Court challenging respondent's determination.

                              OPINION

This collection review proceeding was filed pursuant to section 6330. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the

Secretary has notified such person in writing of the right to a hearing before the levy is made. Section 6330(b)(1) and (3) provide that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the IRS Office of Appeals. At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the hearing unless the taxpayer failed to receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals officer must make a determination whether the levy action may proceed and is required to consider: (1) Whether the Secretary has met the requirements of applicable law and administrative procedure; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns that the levy action be no more intrusive than is necessary. Sec. 6330(c)(3).

Section 6330(d) grants the Court jurisdiction to review the determination by the Appeals officer to proceed with collection action via the levy after the CDP hearing. Where the validity of

the underlying tax liability is at issue in a collection review proceeding, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  Where the underlying tax liability is not at issue, however, the Court will review the determination of the Appeals officer for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Because petitioner had an opportunity before the CDP hearing to contest his 1982 tax liability in the District Court action, the underlying liability is not properly at issue in this case, and we review respondent's determination for abuse of discretion. Abuse of discretion is proven by showing that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, this Court has exclusive jurisdiction to review determinations under section 6330, effective for determinations made after October 16, 2006. Generally, as described under section 6330(c)(2), failure of the taxpayer to raise an issue during the section 6330 hearing will preclude our consideration of that issue.  Giamelli v. Commissioner, 129 T.C. 107, 112-113 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).  However, the Appeals officer's mandated verification under section 6330(c)(1) that the

requirements of any applicable law or administrative procedure have been met is subject to review without regard to a challenge by the taxpayer at the hearing.  Hoyle v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 11).

Petitioner argues that:  (1) The statute of limitations bars collection, and (2) the tax liability is satisfied.  These issues are within those requiring verification by the Appeals officer under section 6330(c)(1) and therefore are subject to our review. See id.

A.  Statute of Limitations

Section 6502(a) prescribes the period during which any tax may be collected following assessment.  At the time of the initial assessment in this case, section 6502 provided a 6-year period for collection by levy.  Congress amended section 6502 twice.  In 1988 Congress amended section 6502 so that a court proceeding filed by the United States during the 6-year period extended the collection period until any liability was satisfied. Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 1015(u), 102 Stat. 3373.  The purpose of the 1988 amendment was to conform liens and levies.  Before the amendment, a judicial proceeding would not toll the limitations period for levies, but would for liens.  See United States v. Wodtke, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985), affd. without published opinion 871 F.2d 1092 (8th Cir. 1988).  The legislative history

of TAMRA states that the 1988 amendment was to conform section 6502 so that a court proceeding filed during the 6-year period would keep the collection period open. H. Conf. Rept. 100-1104 (Vol. II), at 5-6 (1988), 1988-3 C.B. 473, 495-496. In 1990 Congress amended section 6502 to extend the 6-year period for collection to 10 years. Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11317(a), (c), 104 Stat. 1388-458. The 1988 amendment is effective for all levies issued after November 10, 1988, and the 1990 amendment applies to taxes assessed after November 5, 1990, and taxes assessed on or before November 5, 1990, if the period specified in section 6502 for collection of such taxes has not expired.

Section 6502 currently provides that an assessed tax may be collected by levy or by a proceeding in court if the levy is made or the proceeding began within 10 years after date of assessment. Sec. 6502(a)(1). If a timely proceeding is commenced in court, the period during which such tax may be collected by levy shall not expire until the liability for the tax is satisfied. Sec. 6502(a).

This collection action originates from respondent's March 26, 1985, section 6672 assessment. Respondent's assessment of the TFRP penalty was timely and is undisputed. Respondent issued the Letter 1058 to collect petitioner's liability by levy on September 25, 2006; i.e., more than 10 years after the date of

assessment.  However, respondent filed a counterclaim in <u>Beeler</u> <u>v. United States</u>, 894 F. Supp. 761 (S.D.N.Y. 1995), on March 9, 1987, within the then-existing 6-year period of limitations on assessment.  Because the 1988 amendment of section 6502 is applicable to the assessment at issue, respondent's commencement of this proceeding within the requisite 6-year period under section 6502(a)(1) served to extend the period for collection until petitioner's liability is satisfied; petitioner has not satisfied his liability.  Thus respondent is entitled to collect by levy.

B.  <u>Satisfaction of Liability</u>

Petitioner argues that respondent's levy is inappropriate because respondent filed two Forms 668 (Z) releasing the New York, New York, and Sarasota, Florida, liens.  Petitioner contends that respondent's filing of the Forms 668 (Z) proves that petitioner's liability has been satisfied.  Respondent concedes that two releases were filed and a third release was prepared but never filed.  Respondent argues that the Forms 668 (Z) do not prove that petitioner has satisfied his liability.

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer has failed to pay those taxes.  The lien arises by operation of law when the IRS assesses the amount of unpaid tax.

Sec. 6322. However, the lien imposed by section 6321 shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice of meeting the requirements of section 6323(f) has been filed by the Secretary. Section 6323(f) provides the rules that govern when and where a notice under section 6323(a) must be filed. The IRS files an NFTL to preserve priority and put other creditors on notice. See sec. 6323.

The NFTLs filed in New York, New York, and Sarasota, Florida, were the notices required by section 6323(a) and (f). The Forms 668 (Z) that respondent concedes were filed extinguished these NFTLs. However, the issue here is whether the Forms 668 (Z) extinguish the tax liability.

Petitioner's contention that the Forms 668 (Z) indicate that his liability has been satisfied is incorrect. The underlying tax liability is not extinguished when an NFTL filed pursuant to section 6323 is released. Commissioner v. Angier Corp., 50 F.2d 887, 892 (1st Cir. 1931), affg. in part and vacating in part 17 B.T.A. 1376 (1929); Baker v. Commissioner, 24 T.C. 1021, 1025 (1955); Miller v. Commissioner, 23 T.C. 565, 569 (1954), affd. 231 F.2d 8 (5th Cir. 1956); Boyer v. Commissioner, T.C. Memo. 2003-322; Hohenstein v. Commissioner, T.C. Memo. 1997-56; sec. 301.6325-1(a)(1), Proced. & Admin. Regs. The underlying tax liability remains outstanding until the tax is paid in full or

the statutory period for collection expires.  Sec. 301.6325-1(a)(1), Proced. & Admin. Regs.  Petitioner remains liable for his underlying liability even though respondent released the NFTLs filed pursuant to section 6325.  Commissioner v. Angier Corp., supra; Baker v. Commissioner, supra; Miller v. Commissioner, supra.

C.  Duty of Consistency

Petitioner next argues that section 6672 imposes a duty of consistency on respondent and that respondent must release him from his liability because his colleagues were released.  Petitioner argues that the District Court's finding in Beeler v. United States, supra at 771, that the parties are "jointly and severally liable for the one hundred percent penalty sought by the government pursuant to § 6672(a)", requires the Commissioner to treat all three parties identically.  This argument was first raised on brief and is not properly before us.  See Giamelli v. Commissioner, 129 T.C. 107 (2007).

Even if this argument were properly before us, however, it would not be valid.  A finding of joint and several liability does not require the IRS to collect the penalty proportionally among such parties or require the IRS to offer petitioner the same favorable treatment offered to another responsible party.  Section 6672 allows the Government to collect from any responsible party as long as it does not collect more than the

amount of the liability.  Sec. 6672(a), (d); see also <u>McClure v. Commissioner</u>, T.C. Memo. 2008-136.  There is no duty of consistency under section 6672 or 6502 that prevents respondent from collecting from petitioner despite releasing the other responsible parties.

D.  <u>Conclusion</u>

We conclude that the statutory period for collection remains open, and petitioner's liability was not extinguished by the filing of the Forms 668 (Z).  Accordingly, we hold that respondent satisfied the requirements of section 6330 and did not abuse his discretion in sustaining the NFTL filed against petitioner and may proceed by levy to collect petitioner's unpaid tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.