**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4285

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FAIGER MEGREA BLACKWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00342-WO-1)

Submitted: July 28, 2017                    Decided: August 16, 2017

Before DUNCAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faiger Megrea Blackwell appeals his conviction after pleading guilty to obstructing or impeding the due administration of the internal revenue laws and concealing assets of his bankruptcy estate. Blackwell challenges the district court's loss calculation, arguing that the diverted funds that he used for legitimate business expenses should not be included in the loss amount and that collateral held by one of his creditors should alter the loss calculation. Blackwell also challenges the restitution order and asserts that he is actually innocent of his crimes because the Government would not have been able to prove the facts to which he pled guilty. We affirm.

First, Blackwell's argument that he is actually innocent does not persuade. Blackwell pled guilty to obstructing the IRS and concealing assets of his bankruptcy estate. The present amount of taxes owed to the IRS and the precise collateral that certain creditors held do not alter the fact that Blackwell concealed and diverted certain assets after filing for bankruptcy. Nor has Blackwell moved to withdraw his guilty plea.

Next, having carefully reviewed the record, we conclude that the district court did not clearly err when it calculated the loss amount. *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013) (stating standard of review). To "determin[e] the amount of loss in a bankruptcy fraud case, courts may look to the amount of loss the defendant intended to cause by concealing assets, rather than the amount of loss creditors actually suffered." *United States v. Hughes*, 401 F.3d 540, 557 (4th Cir. 2005) (brackets and internal quotation marks omitted). "[T]he [district] court 'need only make a reasonable estimate

of the loss.'"  *United States v. Cloud*, 680 F.3d 396, 409 (4th Cir. 2012) (quoting U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n. 3(C)).

Here, the Government established the amount of loss by a preponderance of evidence based on bank records, tax assessments, and testimony from the bankruptcy trustee.  *United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014) (stating Government's burden of proof).  There is no indication that the district court clearly erred when it determined the loss amount based on precise figures supported by the record.

Because Blackwell did not object to the restitution order, we review this issue for plain error.  *See United States v. Olano*, 507 U.S. 725, 732 (1993) (discussing standard).  "We must first address which statutory provision is implicated in the district court's order of restitution, as the district court did not mention a statute in its sentencing colloquy or judgment order."  *United States v. Freeman*, 741 F.3d 426, 431 (4th Cir. 2014) (setting forth statutory provisions).  The Victim and Witness Protection Act of 1982 and the Mandatory Victims Restitution Act do not apply to Title 26 offenses, which includes Blackwell's tax offense.  *See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(c)(1) (2012); *United States v. Perry*, 714 F.3d 570, 577 (8th Cir. 2013); *United States v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008).  In accordance with 18 U.S.C.A. § 3583(d) (West 2015 & Supp. 2017)), however, a court may, as a condition of supervised release, impose any condition of probation listed in 18 U.S.C. § 3563(b) (2012), including "restitution to a victim of the offense," 18 U.S.C. § 3563(b)(2).  Thus, "[18 U.S.C.A § 3583(d)], together with [18 U.S.C. § 3563(b)], unambiguously authorizes federal courts to order restitution as a

condition of supervised release for *any* criminal offense, including one under Title 26."
*United States v. Batson*, 608 F.3d 630, 635 (9th Cir. 2010).

We conclude that the district court did not identify the correct statute for ordering restitution but that this error does not affect Blackwell's substantial rights, or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732. The district court possessed statutory authority to impose restitution. Furthermore, Blackwell's written plea agreement discussed restitution and he received notice of restitution in his presentence report; therefore, the restitution order did not violate his due process rights.

We also conclude that the certificates of release of tax liens that Blackwell presents for the first time on appeal do not change the restitution calculation, nor does the record show the Government improperly withheld these documents. Blackwell appears to argue on appeal that he should have to pay restitution to the Internal Revenue Service ("IRS") only for taxes that he currently owes, but, in making this argument Blackwell conflates his initial civil tax liability with his subsequent criminal tax liability. The restitution order related specifically to the taxes that he owed when he diverted or hid funds from the IRS and bankruptcy trustee. Additionally, "[i]t is well settled that although a certificate of tax lien release is conclusive that the *lien* is extinguished, it is not conclusive that the *tax liability* is extinguished." *Boyer v. Comm'r*, 86 T.C.M. (CCH) 615 (2003). The mere filing of a certificate of release of a tax lien is not evidence that the tax has been paid, and Blackwell provides no other records showing that he made payments to the IRS for the taxes that he owed. The restitution order directs Blackwell to

4

pay the amount of taxes that he obstructed the IRS from collecting as part of his criminal scheme, and a certificate of release of a civil tax lien does not alter that directive.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5